Good morning, Your Honors. Devin Burstein on behalf of Mr. Doyle. May it please the Court. Your Honors, separate from the question of guilt or innocence, district courts have an independent duty to protect the rights of the accused, to ensure a fair trial, and to comply with controlling precedent. Here, that duty went unfulfilled. The district court failed to exercise the discretion required by this Court's case law. As you wrote in Curtin Judge Ward Law, quote, what is clear from the record is that the district court did not read the entirety of the five stories that it admitted into evidence and gave to the jury. Judge Ward Law, you continued, the district court certainly did not consider the relevance of each story in tandem with a proper Rule 403 analysis for both prejudice and cumulative evidence. I would therefore reverse and remand. That same comment applies equally here. To take it into the context of this case, because what is clear from the record is that the district court did not review any of the numerous pictures and nearly five minutes of disturbingly graphic videos that it admitted into evidence and showed to the jury. But what's different about this case in Curtin is that in the majority opinion in Curtin, the court says that defense counsel steadfastly fought every one of these things under Rule 403.  And that didn't happen here. That's right. And it's more than just defense counsel didn't just fail to object under 403. He said all of this is fine. He consented to the admission of the evidence and to the trial court's handling of that  Right. Well, I think there's two answers. So number one is, right, we have there's actually three. We have Rule 52B, right? So we have plain error analysis here. So we can look at the plain error. The second part is that the district court certainly knew what the law was and kind of short circuited it for expediency. And that's not permissible. The third part is that he was dealing with an incredibly experienced prosecutor and a really had no idea what he was doing in federal court. And that's borne out by the record. I mean, the lawyer says I rarely make it into federal court. So we have all of those things that are different. And then let's actually look at what happened because I don't think the government exactly explains it correctly. So we start at ER 63. And at ER 63, the judge says, does the case law still require I preview it before admission? Right? And then the very experienced prosecutor says, the answer is yes. That's what Curtin requires as a matter of law. It's not debatable. Curtin says as a matter of law, you must do this. Miguel Murray says every 403 analysis must do this. Waters says you must do this. So the prosecutor's answer as an officer of the court should be yes. What does she say? In this particular case, I'm happy to make an oral proffer for the court about the content of those specific images. That's not legally correct. Who injects this error? The prosecutor does. Then the conversation goes off the rails for a little bit. And then it gets, they start talking about non-contraband images. But then if we can look at ER 65, in the middle of the page, if you see attorney Dix doing his best, probably doesn't know what rule 403 is, but doing his best in the middle of the page. And he says, and she's, I believe, going to give it to you, oh, sorry, let me start. And she has it on a flash drive, on a disc or on a flash drive, that's contraband images. And she's, I believe, going to give it to you to review at some point. That's what Curtin requires. What does the court say? Okay. No. That's not what the court says. And then the court injects it back. And then, here, very next line, quoting, and then the proposal was an oral description to expedite my review under 104 and 403. And I was wondering if that would satisfy the defense. Or do you prefer that the court review the evidence firsthand preliminarily? And what's the sentence next? I would be good to go with that. He's saying, I would be good to go with that. I think that's referring to the later, to the second suggestion, which is what he has to do. Your Honor is right. But does he ever make another indication that he expected the court to do that? Because the court didn't do it, and I think he knew the court didn't do it. He did know the court didn't do it. But I would suggest, in the real world, if you're taking a lawyer that we all know doesn't know what he's doing in federal court, and a federal judge sitting up on the bench suggests that to expedite my review, can I just do this by way of proffer? What's the lawyer supposed to say then? I mean, yes, the lawyer should say, no, Your Honor, you know, Curtin requires you to do it as a matter of law. But really, the judge knew that he was required to do it and is now injecting this again. Yes, this was not the best lawyer in the world. I think this lawyer fails horribly under Strickland. But let's not pretend that this is what the government's making it out to be, where the lawyer just says, yeah, no matter what, go ahead and do this. The prosecutor suggested it. That was wrong as a matter of law. This came from her, and she knew exactly what the law required. The district court knew what the law required. We can all blame the defense lawyer, but who's the legal expert in the courtroom? It's the person wearing the black robe. He knew what Curtin said. The quote I wrote from Judge Wardlaw has been the law of this circuit for a long time. 20 years. And it's been repeated in McElmurray. That's a case out of the Southern District, right? I mean, that's our case, McElmurray. I represented McElmurray. This is not uncertain law. Okay, it is, so it's plein air. Right. I think, unfortunately, we have to say, go through the whole Alano analysis. Did it affect substantial rights? Right. And that's the question. I agree with you. This is plein air. And also, I can hardly believe that it happened, given the experience of both the judge and the prosecutor. Agreed. Yes. But substantial rights. How do we know, how can we make that determination? I mean, it sounds like, I mean, reading the record, it sounds pretty inflammatory to me.  But he did actually, he was charged with one count. One count. And he did actually have way more than one count on his device. And so, articulate for me how this affects substantial rights. Right. I think it's a great question. So, this material was uniquely inflammatory, terrible material. The government, in its brief, accurately states they had to prove he knowingly possessed one image, knowing that the person was under 18. You don't need five minutes of graphic video, five times more than this court approved in Gannot, plus 22 images and screenshots, in addition to that, to prove one image. The answer to your question is exactly why the prosecutor insisted on putting in every single image. When did she do it? In her case in chief. Why? So that by the time he got up on that stand to tell the jury, she told me she was 18. She showed me an ID. They wouldn't care what he said or who he brought in. He could have brought in the Pope to sit next to him. They would hate him. Why? Because he had five minutes of this despicable imagery on his computer that they played and made the jury watch. One of the jurors needed counseling after this case. I've handled 150 cases. I've been arguing before your honor for 18 years. I've never seen a juror need counseling. Not in a murder, not in a child pornography, never once. This prosecutor, just like she knew what she was doing when she told him she could short circuit it, she knew exactly what she was doing when she put in all of that stuff. 36 images, five minutes of video. That affects your substantial rights because you have no chance. She knew exactly what she was doing. She made it so no matter what he said, they could believe him but they would hate him. That's the whole point of 403. That's why we have district judges. If you have a, excuse me, a buffoon for a lawyer, the district judge says that's not fair. In America, that's not what we do. We don't, that's why we have 403. In every state, every state has its corollary because we can't have the jurors deciding based on their hatred, based on their bias, based on their, if I were a juror, I would hate him. I'm a long term defense lawyer. I would hate this guy. No matter what he could say, that's the answer to your honor's question. That's why this was so prejudicial and it goes back to why Curtin says, as a matter of law, you cannot exercise discretion unless you have read, seen, viewed it, right? I mean, we see it in state courts, right? If we can go to, what if he needed to know what these images were? How is he letting in a young minor girl licking feces off of a razor? What does that have to do with anything? I know what it has to do with. You know what it has to do with. He knows what it has to do with. It has to do with painting the defendant as a monster. We don't do that. That's not a fair trial. And I would, unless the court has questions, I'll reserve my time, but I would urge you to reverse this as a plain error under Curtin. All right, you can reserve your time.  May it please the Court. Peter Horn for the United States. In the government's view, there was no plain error under Curtin. And to pick up with Judge Wardlaw's question about substantial rights, Doyle would have to meet each of the prongs of plain error. He can't meet any, and certainly not the third and fourth. My friend on the other side is looking at the substantial rights inquiry the wrong way, I think, because what the question for this Court should be is if the district court had looked at these files before trial, would it have reached any different finding? Would the result of the evidence being admitted at trial and the outcome of trial be any different? Here there is no indication, whether in the motion in the limine transcript or at trial or elsewhere in the record, that the district court would have reached any different conclusion if it had viewed personally each of those files before trial. And what underscores this is that at trial, as Judge Brown observed, there was no objection, again, no objection by the defense to any of these exhibits. There was no question, no sua sponte issue raised by the court to their admission. And to correct a couple of points from the record, this was not an instance where the government introduced actually every single image, every piece of evidence it had. Government's entitled to prove its case. It's entitled to, as this Court has confirmed in case after case, and Gano is a good example, this is highly probative evidence. This evidence can constitute the crime. So it has the ability to do that. But by my count, there were in fact about 29 distinct files, 36 total exhibits. About seven of those were screenshots of certain videos. So I have to correct the record on that. This was not everything that the government could lay in and making it as prejudicial or potentially prejudicial as it could. One more brief correction, and this is shown at pages 75 and 348 of the record. That video of the girl in the shower with the razor pieces that my friend on the other side refers to, that video was actually cut short, clipped at trial. It's a video of about a minute and 30 seconds. It was described in detail at the motion and limine hearing. At page 348, it's clipped to a minute and seven seconds. So that last part that my colleague says is the most inflammatory part of all this evidence, it wasn't shown to the jury. How can the government argue both that it needed all of those 36 pieces of evidence to prove its case or rebut Doyle's defenses, and at the same time say that based on Doyle's testimony and other evidence, that the case was a foregone conclusion on substantial rights? A burden to prove guilt is beyond a reasonable doubt. It's the highest burden. And the government doesn't try to just clear that hurdle. Try to make this a compelling case, and in this case it was, a verdict after an hour and 15 minutes. But the government has the ability and is entitled to introduce the evidence that sees fit, and Old Chief is a good example of this, that also tells a story and shows the jury the evidence it's talking about. Now the evidence here, and this goes to Curtin, the files here are meaningfully different from the evidence at issue in Curtin. In one respect, those stories offered there under 404B, and there was an associated 403 analysis that needed to happen as well. Parts of them were wholly irrelevant, as this court concluded. And as Judge Brown noted earlier, that was a case where there was disagreement between the parties, and the court relied only on the prosecutor's proffer here, in that case. Here we have an agreed process, agreed descriptions, and the files, most of them depict the minor victim herself. Some of them Doyle himself, with her. Many of them taken in his own home. And all of them, accompanied by forensic data that shows, and this is undisputed, shows they were on his phone. Many of them in the deleted space, but without question, they were on his phone at some point. They're possessed by him. And of course, at least four of them, including a video of the minor victim here, were still on his phone, in the recently deleted part of the photo vault. But accessible. And so, to circle back to where, I believe, Your Honor. Am I right if this was one count? This was one count, correct. One count of possession of, what is it, sexually exploitive material? One count under subsection A-4, possession of at least one matter containing sexually explicit conduct involving a minor. So I still don't understand why the government felt it needed to release, show the jury so many instances of this. What was the issue at the, what was the central issue? Were they concerned about showing she was a minor? Proving that she was a minor? Is that the issue? The government has to prove that. And it has to be so. I mean, was that the chief, central issue in dispute? Based on Doyle's defense and testimony, I believe that was the central issue at trial. And that's why it's- You weren't the trial lawyer. I'm sorry, Your Honor? You weren't the trial lawyer. I was not. No. Okay. But it appears, based on Doyle's testimony in defense, that that ended up being the central point in dispute. Not whether those images and videos were ever on his phone, but whether, one, he knew about it and whether he knew that she was a minor. Because he claimed he thought she was over 18, maybe he thought she was 20 at some point. His testimony was not credible and it wavered. But based on defense counsel's points in closing, too, that seems like his main defense. Now, the government still has to prove, beyond a reasonable doubt, every one of the elements for the statute. And that includes the fact of the possession of the depictions, that they show sexually explicit conduct, that they show a minor, and that the defendant knew about all of it. All of those, regardless of how- I realize that, but why did the government need to introduce 36 files? I'd again emphasize that the government, it needs to prove beyond a reasonable doubt. And based on the anticipated defenses, this wasn't an unreasonable number. And it's actually a number that, in cases like Becht, there's Dodds from the 11th Circuit, I'm sorry, there are cases approving a round or significantly higher number of explicit images or videos here. So this is not out of the realm, it's not unreasonable in that respect. And in Gano itself, that approved Morales-Aldejando, which had 22 files, pictures and videos. So I don't believe it's so far out of the- I mean, it's hard for me to divorce myself from this because Curtin's been on the books for so long. And the panel, although I wrote separately, the panel was unanimous that if you're going to rule on a Rule 403 motion, the district court judge has to look at everything because otherwise he can't make the type of decision that 403 requires, which is looking at redundancy and prejudice. And I've been a district court judge, so I've had to look at horrific stuff. And I think my panelists have too. And I just don't- I mean, if I were a district court judge, I don't know how I could make the decision about allowing 36 files to prove one count when it's from- I haven't seen the zip drive, but I read the description and it seems pretty obvious after a few of the images that the case is proven. I would agree. It's compelling evidence. And, you know, I don't believe this is an unreasonable amount of evidence. It's also very- it was an experienced district judge in this case as well- No, that's why I'm utterly shocked that he didn't review the material. And I think if I could talk about the error, plain error under Curtin for a moment, I think that's because the parties here and the judge and the government's position is that there was no plain error under Curtin. And the parties in court didn't think of Curtin's strict blanket application in those respects because of the nature of the material. Was Curtin even mentioned in this transcript? I don't believe it was. I don't believe they were even, like, reading the law in this subject. Well, I don't believe it did appear in the transcript there. But it doesn't appear, and I think rightly so, that the parties or the court thought it applied strictly where the parties agreed on the process and descriptions. The court also had the ability to make any rulings at trial, defense never objected. And if I can make one other point that my friend on the other side raised, is that there's no ineffective assistance claim raised as to this issue. And so I think the court should separate those issues and shouldn't review the ineffective assistance claim for several reasons, as we've briefed. But the court shouldn't consider defense counsel's performance on behalf of Doyle with respect to 403 as deficient based on the agreement here. And one example of that is, of how this wasn't plain error, is a non-published case from last year, Boccardo, which involved the district court admitting and allowing to be displayed to the jury explicit images of child pornography over the defense objection based on the prosecutor's description and there was no plain error under curtain. You only have a little bit of time left. Let's assume there was plain error so that we can talk about the substantial rights argument, if you'll address that please. Yes, certainly. And as I started with briefly, the way to think about this, that Doyle's briefs and my friend on the other side I think mistakes, is whether there was any likelihood that the district court would have reached a different finding on the admissibility of these images if it had reviewed them before trial. There's no indication of that. And in fact, I think it's one paragraph in the reply brief where this is raised at all. But Mr. Doyle doesn't even make that argument, except briefly in reply, that there would have been any difference in the admissibility and the government's ability to use this evidence at trial. Now let's say half of them would have been admitted. Is it clear that without the 36, he would have been convicted anyway? I believe so, because without the admission, and I don't think that would be warranted under Gano and 403 and for other reasons too, but let's say the district court had not allowed the government to show any of those images. What it could have done, still, is talk about them, narrate them, as Agent Valdivia did on the stand. So that's strong evidence too. There's, of course, the image of the minor victim from her social media account with Doyle, undisputed. That's the two of them together. There's evidence of her appearance when agents came to arrest Doyle, holding dolls. His search history, of course. There's other, and obviously his wholly non-credible testimony at trial. So there's other compelling evidence that supports the jury's verdict here. And then to the final prong, which Doyle would also have to meet under plenary review, there is no reason in the interest of fairness, integrity, public perception of the courts, that this court should exercise its discretion to remand for a new trial here. This is a situation involving the parties' agreement about, not only the relevance, but the admissibility of this evidence. In fact, Doyle's trial counsel said he acknowledged this material was admissible. He acknowledged this is what this case is all about. Of course, what the jury is going to have to decide. And that's correct under this court's precedent. But it's that, and given the nature, the offense of the material, and then given the overall lack of error in the procedures at trial, and the admissibility of the evidence, and the other compelling evidence of his guilt, I believe there's no reason to remand on the fourth prong as well. I could briefly address other issues if your honors would like, or address any questions on curtain 403 as well. I'll submit and ask that Doyle's conviction and sentence be affirmed. Thank you. This is exactly the kind of case where the court should exercise its discretion under the last prong of Rule 52B. Why? Because we all know what happened here. Curtain, as Judge Wardlaw said, has been this court's well-established en banc case law for 20 years. The prosecutor sought to subvert curtain for one reason. To get in all of this evidence because she knew that the sole defense was that this girl told me and showed me an ID that said she was over 18. The reason to put in 36 files and five minutes of video is because the prosecutor didn't want any chance that the jury would believe him. So before they ever saw him on the stand, she made sure they would hate him. Judge Wardlaw, you asked, was the issue here was she 18 or not? And I think my friend said that was the issue. That was not the issue. The government put in her birth certificate and called her CPS worker. There was no question she was under 18. The question was whether the jury could believe Doyle that he thought she was over 18 based on the ID she showed him and the fact that she used a credit card to get on an adult dating site. How do you destroy somebody's credibility? How do you make it so the jury has no chance of crediting them? You make them look like the devil. That's what the prosecutor did incredibly effectively here. I believe in the right to a fair trial. I believe that regardless of whether you're guilty or innocent, you deserve a fair trial. A fair trial that's not tainted by knowing violations of this court's case law. This was not that. And we would ask you to send it back for a fair trial. Thank you. Okay. Thank you very much, counsel. USB Doyle is submitted and we will hear United States versus Joe.
judges: WARDLAW, ALBA, Brown